PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YANIEL GARCIA-GONZALEZ, | ) | |
| | ) | CASE NO. 4:26-CV-01746 |
| Petitioner, | ) | |
| | ) | |
| *v.* | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN, MAHONING COUNTY | ) | |
| JAIL, *et al.*, | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |

## I. BACKGROUND

*Pro se* Petitioner Yaniel Garcia-Gonzalez, a Cuban national in immigration detention in Ohio, filed a Petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in March 2026. *See Garca-Gonzalez v. Raycraft*, No. 4:26-CV-00703 (N.D. Ohio filed Mar. 24, 2026) at ECF No. 1. The Court denied it three months later. *See Garcia-Gonzalez*, No. 4:26-CV-00703 at ECF Nos. 18, 19. He filed a second 28 U.S.C. § 2241 Petition one month after that. ECF No. 1. Because the second petition attempts to relitigate Petitioner's rejected constitutional claim, the second Petition (ECF No. 1) is dismissed.

## III. LAW

The "second or successive" limitation on repeat *habeas* filings that Congress enacted in 28 U.S.C. § 2244 does not apply to petitions under 28 U.S.C. § 2241. *See Evans v. United States Marshal*, No. 18-4006, 2020 WL 1873311, at *2 (6th Cir. Feb. 7, 2020) (citing *Rosales-Garcia v. Holland*, 322 F.3d 386, 399 (6th Cir. 2003)). But "controlling weight" can be given to the earlier denial of a 28 U.S.C. § 2241 petition when "(1) the same ground presented in the

subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."[1] *Sanders v. United States*, 373 U.S. 1, 15 (1963)

## III. DISCUSSION

Petitioner is self-aware: he argues his second filing "does not ask this Court to reconsider that [previous] judgment," but "present[s] only an as-applied constitutional challenge to whether [his] continued detention for this cumulative duration, without any individualized merits review, is consistent with the Fifth Amendment[.]" ECF No. 1 at PageID #: 2. All the same, the second Petition is repetitious and meets all three *Sanders* factors. *First*, Petitioner's as-applied due process argument is indistinguishable from the constitutional claim raised in his first Petition. *See* *Garcia-Gonzalez*, No. 4:26-CV-00703 at ECF No. 1 at PageID #: 24. *Second*, the Court already considered and rejected that argument on the merits. *See* *id.* at ECF No. 18 at PageID #: 85–86. And *third*, addressing the merits anew herein would not serve "the ends of justice." *Sanders*, 373 U.S. at 15. The only intervening change from Petition to Petition has been the passage of time, [2] and thus his "detention remains mandatory until his asylum claim is resolved." *Garcia-Gonzalez*, No. 4:26-CV-00703 at ECF No. 18 at PageID #: 85.

---

[1] Although 28 U.S.C. § 2241 petitions are subject to the abuse-of-the-writ doctrine that doctrine generally applies to arguments not raised in an earlier petition, rather than arguments repeated in a later one. *See* *Lane v. Terris*, No. 17-2515, 2018 WL 6822323, at *2 (6th Cir. Oct. 26, 2018)

[2] The six-month-plus unreasonable detention presumption from *Zadvydas v. Davis*, 533 U.S. 678, 680 (2001) is inapplicable here. *Zadvydas* applies to noncitizens in post-removal order detention under 8 U.S.C. § 1231(a)(6), not those—as here— in pre-removal order detention under 8 U.S.C. § 1225). *See* *Jennings v. Rodriguez*, 583 U.S. 281, 282 (2018).

## IV. CONCLUSION

Declining to readdress the merits of his constitutional claim, the Court dismisses Petitioner Yaniel Garcia-Gonzalez's Petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, without prejudice.

IT IS SO ORDERED.

September 4, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge