PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YANIEL GARCIA-GONZALEZ, | ) | |
| | ) | CASE NO. 4:26-CV-01746 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN, MAHONING COUNTY JAIL, *et al*, | ) | **ORDER** |
| | ) | Resolving [ECF No. 8] |
| | ) | |
| Respondent. | ) | |

Pending before the Court is *pro se* Petitioner Yaniel Garcia-Gonzalez's Motion to Amend the Court's judgment denying his motion to reopen the case. ECF No. 8. For the following reasons, Petitioner's Motion to Amend Judgment is denied.

## I. Background

*Pro se* Petitioner Yaniel Garcia-Gonzalez, a Cuban national in immigration detention in Ohio, filed a Petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in March 2026. *See* *Garca-Gonzalez v. Raycraft*, No. 4:26-CV-00703 (N.D. Ohio filed Mar. 24, 2026) at ECF No. 1. The Court denied it three months later. *See* *Garcia-Gonzalez*, No. 4:26-CV-00703 at ECF Nos. 18, 19. He filed a second 28 U.S.C. § 2241 Petition one month after that. ECF No. 1. That second petition attempted to relitigate Petitioner's rejected constitutional claim and was, therefore, dismissed on the merits. ECF No. 7. Petitioner moved for the Court to amend its judgment and reopen his case.

## I. Analysis

"Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *Jefferson v. Security Pac. Fin. Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995). Petitioner Garcia-Gonzalez is seeking a more favorable outcome than he received, without providing just reasons. Fed. R. Civ. P. 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).

While the instant motion was filed timely, the motion fails on the merits because Petitioner regurgitates that previously considered and denied by the Court. He offers arguments based on facts known at the time that he filed his first and second petitions. *See Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (stating that a Rule 59(e) motion may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice). Petitioner does not satisfy the requirements of Rule 59(e); and also fails to satisfy the more stringent standard for a Rule 60(b) motion. *See Feathers v. Chevron U.S.A. Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

## II. Conclusion

For the foregoing reasons, Petitioner's Motion to Amend Judgment (ECF No. 8) is denied. The matter remains closed.

Petitioner Garcia-Gonzalez is cautioned against continuing to file futile motions on matters already decided. Such filings may lead the Court to take action, including, but not limited to, designating Petitioner as a vexatious litigator and imposing prefiling restrictions. *See*

*Feathers v. Chevron*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming district court's ability to impose prefiling restrictions in vexatious cases); *Viola v. Ohio Attorney General*, No. 1:20cv765, 2021 WL 510746, at *30 (N.D. Ohio Feb. 11, 2021) (denying motion to declare *pro se* plaintiff a vexatious litigator because no previous warning had been given).

IT IS SO ORDERED.

| | |
|---|---|
| September 18, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |